UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


FILED
NOV - 5 2018
Clerk, U.S. District and
Bankruptcy Courts

David Abiodun K.G.B. Onafeko, )
)
    Plaintiff, )
)
v. ) Civil Action No. 18-2241 (UNA)
)
Google, LLC *et al.*, )
)
    Defendants. )

**MEMORANDUM OPINION**

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff sues three private entities, including "Google LLC," listed in the complaint as residing at the same address in Washington, D.C. *See* Compl at 2. Plaintiff identifies as "a

1

British European Citizen, resident in United States." *Id.* at 4. He has moved separately to use a P.O. Box address in Washington, D.C.

The complaint is far from clear; it "involves claim[s] for Specific Performance Injunction, . . . breach of contract, inhumane treatment, negligence, . . . bribery, fraud, hacking or data breach or illegal access to data etc." Compl. at 5. Such claims do not present a federal question under § 1331, which leaves diversity jurisdiction as a possibility. But plaintiff has pled no amount in controversy, let alone the threshold amount for exercising diversity jurisdiction. Moreover, it is a "well-established rule" that the diverse citizenship requirement be "assessed at the time the suit is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). Therefore, "the citizenship of every party to the action must be distinctly alleged [in the complaint] and cannot be established presumptively or by mere inference," *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004), and an " 'allegation of residence alone is insufficient to establish the citizenship necessary for diversity jurisdiction,' " *Novak v. Capital Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006) (quoting *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983)). A corporation, such as plaintiff purports to sue, "shall be deemed a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[,]" 28 U.S.C. § 1332(c). Plaintiff has provided no information to ascertain each defendant's citizenship. Consequently, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

United States District Judge

Date: October 23, 2018